# Commonwealth *v.* McCloskey, Appellant.

*Criminal law—Burglary—Evidence—Reasonable doubt—Guess by jury.*
On the trial of an indictment for burglary the commonwealth can only ask a conviction on sufficient evidence to establish the guilt of the prisoner beyond a reasonable doubt. While in such a case the jury at most may guess that the prisoner is guilty, and they may guess rightly, still the verdict and judgment cannot stand if there is not sufficient evidence to establish guilt beyond a reasonable doubt.


Argued Oct. 19, 1908. Appeal, No. 22, April T., 1909, by defendant, from judgment of O. & T. Allegheny Co., May T., 1908, No. 0000, on verdict of guilty in case of Commonwealth v. George McCloskey. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Indictment for burglary. Before KENNEDY, P. J.

The court charged in part as follows:
[If you are convinced beyond a reasonable doubt that they all three or any one of them was guilty of the offense, it will be your duty to say so by your verdict. If you are not convinced beyond a reasonable doubt that they committed the offense, then it will be your duty to acquit one or two or three of them accordingly as you find from the testimony that they are guilty or innocent. You can, by your verdict, acquit one or more or you can find one or more guilty of the offense.] [1]
[Now the parties, it seems, were together here. The apartments or flat on the first floor of the house was occupied by the mother of one of the defendants, Mrs. Hannan, and she was absent from home at the time of the occurrence, having made preparation to move from this house to Johnston.] [2]
[The testimony on the part of the commonwealth would tend to show that there were persons in the apartment under the Misses Brown's rooms, which were on the second story; they hearing conversation there during the time, and especially the night. One of the ladies during the night in which the burglary

is alleged to have been committed, says of this talking that she heard men's voices in the room below, and at about half past nine, when the elder Miss Brown returned from church, one of these defendants, McAteer, who is identified by her, was seen. First, she heard knocks at the apartment of Mrs. Melville, which is just across the hall from her rooms, and hearing knocks there, she opened her door and told him that the occupants of that apartment were away from home, and he thereupon left and went downstairs. Now she identifies McAteer as the man knocking at that apartment on this evening on which this burglary is alleged to have been committed. The next day, McAteer was found somewhere in Craft avenue, or I believe on Forbes street, where it crosses Craft avenue, and was arrested by an officer and taken to the police station, and while on his way there, or when he was taken to the police station—the officer took him back to the apartment house to make further investigation as to the crime that had been committed—on his way there back to the house, he found that he had a pistol, and carried him then to the police station and he was locked up. And, according to that officer, when McAteer found he was to be locked up, he then told him in substance that he ought to get the rest of the persons—the two others—that they were concerned in the commission of the crime with him.] [3]

[But there are circumstances connected with the case that it is your duty to consider from the testimony and ascertain whether or not Porter and McCloskey were connected in any way with the offense charged.] [4]

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were (1–4) above instructions, quoting them.

*John F. Cox* and *A. M. O'Brien*, with them *George W. Brawner*, for appellants.

*Harry H. Rowand*, assistant district attorney, with him *Harry L. Goehring*, district attorney, for appellee.

OPINION BY MORRISON, J., December 14, 1908:

The defendant and Charles H. Porter and Harry McAteer were jointly indicted and convicted of the crime of burglary. After sentence, Porter and McCloskey appealed to this court. This opinion is in the appeal of the latter, but it is intended to apply also to Porter's appeal, as both cases and appeals rest on the same ground. McAteer did not appeal and it seems to be conceded that his conviction and sentence were warranted by the evidence.

At the close of the case of the commonwealth counsel for Porter and McCloskey moved the court to direct a verdict in their favor for the reason that the commonwealth had failed to produce sufficient evidence to warrant the conviction of either of them. This motion was refused and the defendants then offered the evidence of several witnesses and also took the stand in their own behalf. An examination of the testimony convinces us that the defendants did not strengthen the commonwealth's case, and, therefore, the question remained, was there sufficient evidence to carry the case to the jury as to Porter and McCloskey? No formal points were presented to the court on the part of the defendants and all the questions raised by the assignments of error are under a general exception to the charge of the court taken in behalf of the defendants.

The first assignment is only open to criticism on the ground of the insufficiency of the evidence as to Porter and McCloskey. We feel compelled to hold that the evidence was insufficient as to them and, therefore, the first assignment is sustained.

The fourth assignment is: "The Court erred in its charge to the jury as follows: 'But there are circumstances connected with the case that it is your duty to consider from the testimony and ascertain whether or not Porter and McCloskey were connected in any way with the offense charged.'"

We have examined the evidence with care and cannot see that it warranted the jury in finding Porter and McCloskey guilty of the burglary charge against them. If there had been such evidence, then it cannot be denied that there were some slight circumstances in evidence that would, or might have been corroborating. But in the whole record there is a want of

evidence to support the verdict of guilty of burglary as to Porter and McCloskey. Therefore, it was error to charge as quoted in the fourth assignment and it is sustained.

At most, the jury could only guess that Porter and McCloskey were guilty, and while they may have guessed rightly the verdict and judgment cannot stand for the reason that the commonwealth can only ask a conviction on sufficient evidence to establish the guilt of the defendants beyond a reasonable doubt.

The first and fourth assignments of error are sustained, and the judgment is reversed as to George McCloskey and he is discharged without day.